# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND PRYER, | Case No. 1:23-cv-00167-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| ALLISON, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | ECF No. 14 |
| | **FOURTEEN (14) DAY DEAD-LINE** |

Plaintiff Desmond Pryer ("Plaintiff") is a state prisoner appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 3, 2023, this action was removed from the Superior Court of California, County of Kings. (ECF No. 1.) On February 7, 2023, Defendants filed a request for screening of the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A and that request was granted. (ECF No. 4, 5.) The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on April 10, 2023, is before the Court for screening. (ECF No. 14.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) E. Bott, floor correctional officer on Facility E, and (2) John Doe #1, floor correctional officer on Facility E.

Plaintiff alleges an Eighth Amendment violation for deliberate difference to health and safety.  As a result of deliberate indifference, Plaintiff has suffered Covid-19 and is suffering the after effects of Covid-19.  In the summer of 2020, Defendant Bott and John Doe knew that inmate Mario Bardo was Covid-19 positive after Bott was personally informed that inmate Bardo was positive. Inmate Bardo remained in Plaintiff's cell for ten days before being moved to quarantine. Defendants failure to take effective countermeasure against the outbreak caused Plaintiff to become positive with Covid-19.  Defendant Bott told Plaintiff that Plaintiff would have to have

1  cellmate Bardo or risk being written up for refusing housing.

2  Correctional officers on Facility E would not and failed to wear their facemasks. They
3  knew this put Plaintiff at a substantial risk of getting Covid-19. Defendants turned Facility E,
4  which was noninfected, into a quarantine, which resulted in infected inmates in the facility.

5  Defendants are responsible for the failure of prison personnel to take adequate precautions
6  to curb the spread of Covid-19. Defendants transferred inmates around the facility increasing the
7  risks to inmates due to close proximity of inmates and guards. They allowed porters who tested
8  positive to work with non-infected porters. Inmates stood within six feet of one another and
9  social distancing was impossible during sick call and appointments, and defendants refused to
10 enforce six feet social distancing. Defendants know that many officers have refused to be
11 vaccinated, leaving vast number of inmates unable to protect themselves from Covid-19.

12 Defendants were deliberately indifferent to Plaintiff's health and safety by failing to
13 enforce the policy of not housing inmates without Covid-19 with inmates that tested positive for
14 Covid-19 and by failing to enforce the policy that staff wear masks.

15 Defendants failed to provide disinfectant for common areas and failed to follow clear
16 guidance from the Center for Disease Control. Defendants knew Covid-19 posed a serious risk to
17 Plaintiff. None of the conditions served any legitimate penological purpose and repeatedly and
18 intentionally exposed Plaintiff to Covid-19 in deliberate indifference to Plaintiff's health and
19 safety. They failed to follow their own policies and procedures in preventing Covid-19. As a
20 result, Plaintiff became infected with Covid-19.

21 As remedies, Plaintiff seeks declaratory relief and damages.

22 **III.    Discussion**

23      **A.    Federal Rule of Civil Procedure 8**

24 Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim
25 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations
26 are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
27 conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must
28 set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

3

its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. Many of Plaintiff's allegations are purely conclusory or speculative. General assertions regarding the failure of "defendants" to comply with certain prison guidelines are not sufficient, and Plaintiff may not merely state the elements of each cause of action without providing factual allegations in support of his claims. Further, the Court is not required to accept legal conclusions, supported only by conclusory statements, as true. Plaintiff has been unable to cure this deficiency.

**B.     Deliberate Indifference to Conditions of Confinement/Failure to Protect**

Plaintiff alleges an Eighth Amendment violation regarding conditions of confinement/failure to protect. He challenges his contraction of COVID-19 when he was placed in a cell with a COVID-19 positive cellmate.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of

4

1 deliberate indifference." *Id.* (internal quotation marks and citation omitted).  Prison officials act
2 with deliberate indifference when they know of and disregard an excessive risk to inmate health
3 or safety.  *Id.* at 837.  The circumstances, nature, and duration of the deprivations are critical in
4 determining whether the conditions complained of are grave enough to form the basis of a viable
5 Eighth Amendment claim.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).  Mere
6 negligence on the part of a prison official is not sufficient to establish liability, but rather, the
7 official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d
8 1124, 1128 (9th Cir. 1998).

9       Extreme deprivations are required to make out a conditions of confinement claim, and
10 only those deprivations denying the minimal civilized measure of life's necessities are
11 sufficiently grave to form the basis of an Eighth Amendment violation.  *Farmer*, 511 U.S. at 834;
12 *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the
13 deprivations are critical in determining whether the conditions complained of are grave enough to
14 form the basis of a viable Eighth Amendment claim.  *Johnson*, 217 F.3d at 731.  Second, the
15 prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ."
16 *Farmer*, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment
17 for denying humane conditions of confinement only if he knows that inmates face a substantial
18 risk of harm and disregards that risk by failing to take reasonable measures to abate it.  *Id.* at 837–
19 45.

20       At the time of the allegations in the complaint, COVID-19 posed a substantial risk of
21 serious harm.  *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o
22 one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.).  However,
23 in order to state a cognizable Eighth Amendment claim, Plaintiff must provide more than
24 generalized allegations that the "medical staff" and "correctional officers" or "defendants" have
25 not done enough regarding overcrowding or prison movement or housing assignment to control
26 the spread. See *Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal.
27 Nov. 17, 2020); *see Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D.
28 Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the

spread of COVID-19 in the prison); *Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, No. 1:21-CV-00370 NONE BAM (PC), 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021) (Failed to state a claim on allegations that overcrowding/lack of distance between inmates has exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no way to socially distance, among other conditions.); *Sanford v. Eaton*, No. 1:20-cv-00792-JLT-BAM (PC), 2022 WL 1308193, at *8 (E.D. Cal. May 2, 2022), report and recommendation adopted in full, No. 1:20-cv-00792-JLT-BAM (PC), 2022 WL 2181782 (E.D. Cal. June 16, 2022) (in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and any other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread).

At the time of the allegations in the complaint, the transmissibility of the COVID-19 virus in conjunction with Plaintiff's living conditions, in which he alleges he was placed in a cell with a COVID-19 positive cellmate, are sufficient to satisfy the objective prong, i.e., that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm."  The pertinent question in determining whether Plaintiff states a claim is whether either Defendant demonstrated deliberate indifference to that risk of harm.  The key inquiry is not whether Defendant perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether he "responded reasonably to the risk."  *See Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); accord *Benitez, v. Sierra Conservation Center*, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same).

Plaintiff alleges that Defendants Bott and John Doe knew Inmate Bardo was Covid-19 positive because they were personally informed.  Liberally construing the allegations, Defendant Bott left Inmate Bardo in Plaintiff's cell knowing that Inmate Bardo was Covid-19 positive and Plaintiff got infected with Covid-19.  Plaintiff states a cognizable claim against Defendant Bott.

1  Plaintiff fails to state a cognizable claim against Defendant John Doe.  While Plaintiff alleges

2  Defendant John Doe knew that Inmate Bardo was Covid-19 positive, Plaintiff does not allege that

3  Defendant John Doe did or did not do anything further regarding the risk of exposure to Covid-

4  19.  Plaintiff does not allege that Defendant John Doe kept Plaintiff in the cell with Inmate Bardo.

5  At the pleading stage, the Court finds that Plaintiff states a cognizable claim against Defendant

6  Bott for deliberate indifference to conditions of confinement.  See *Brummett v. Allison*, No. 1:22-

7  CV-00407 ADA BAM PC, 2022 WL 17904397, at *10 (E.D. Cal. Dec. 23, 2022) (stating a

8  cognizable claim for housing a Covid-19 positive inmate in the same cell as Plaintiff), report and

9  recommendation adopted, No. 1:22-CV-0407 ADA BAM PC, 2023 WL 2024857 (E.D. Cal. Feb.

10  15, 2023).

11  Plaintiff fails to state any other claim related to conditions of confinement regarding

12  Covid-19.  Plaintiff's conclusory allegations of the "defendants'" various failures related to

13  Covid-19 do not identify what each defendant did or did not do or whether they had the authority

14  to take the actions complained of in the complaint.  Indeed, the complaint appears to be a

15  "canned" complaint without specifics as to each defendant's conduct.

16  **C.   Title 15 and Policy Violation**

17  To the extent that any Defendant has not complied with applicable state statutes or prison

18  regulations for failure to follow procedures, these deprivations do not support a claim under

19  §1983. Section 1983 only provides a cause of action for the deprivation of federally protected

20  rights. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the

21  California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580

22  F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal

23  constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–

24  12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right

25  of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if

26  they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D.

27  Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of

28  the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW

(PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

To the extent Plaintiff is complaining about housing or housing assignments, he has no such federally protected right. In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021); *Sanford v. Eaton*, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 1308193, at *9 (E.D. Cal. May 2, 2022), report and recommendation adopted, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 2181782 (E.D. Cal. June 16, 2022) (no right to stop transfer).

### D.   Unknown Defendants

The use of John Does in pleading practice is generally disfavored – but is not prohibited. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). However, Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given the " 'opportunity through discovery to identify the unknown (Doe) defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629 F.2d at 642).

### E.   Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill.*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**IV.     Conclusion and Recommendation**

Based on the foregoing, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant E. Bott for deliberate indifference to conditions of confinement in violation of the Eighth Amendment.

The Court further finds that Plaintiff's first amended complaint fails to state any other cognizable claims against any other defendants. Despite being provided the relevant pleading and legal standards, Plaintiff has not been able to cure the deficiencies.  Therefore, further leave to amend is unwarranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed April 10, 2023, (ECF No. 14), against Defendants E. Bott for deliberate indifference to conditions of confinement in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 13, 2023**               /s/ Barbara A. McAuliffe            
                                                    UNITED STATES MAGISTRATE JUDGE