# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND PRYER, | Case No. 1:23-cv-00167-BAM (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL, AND DIRECTING THE PARTIES TO MEET AND CONFER |
| v. | |
| BOTT, | (ECF No. 32) |
| Defendant. | |

Plaintiff Desmond Pryer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Bott for deliberate indifference to conditions of confinement in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 11, 17.)

On August 14, 2023, Plaintiff filed a motion to compel. (ECF No. 32.)

Under this Court's amended discovery and scheduling order, the parties are relieved of the requirement in Federal Rules of Civil Procedure 26 and 37, and Local Rule 251, to attempt to confer in good faith to resolve a discovery dispute prior to filing any motion to compel. Voluntary compliance is encouraged, but not required. The Court's order further provides that the meet and confer requirement may be reimposed in any case that the Court deems it appropriate. (ECF No. 25.)

///

Upon review of the motion to compel referenced above, the Court finds it appropriate to require the parties to engage in a meet and confer conference regarding their discovery dispute. Defense counsel is directed to contact Plaintiff by telephone or videoconference, or to set-up an in-person meeting, regarding the parties' discovery dispute within **twenty-one (21) days** of the date of this order. Briefing on the motion to compel is stayed during the meet and confer process, and the opposing party is relieved of their obligation to respond to the motion until further order of the Court.

In conducting the meet and confer conference, the parties are reminded that they are required to act in good faith during the course of discovery. Complete, accurate, and truthful discovery responses are required. False or incomplete responses violate the Federal Rules of Civil Procedure and subject an offending party and/or counsel to sanctions. Boilerplate objections will not be tolerated and will be summarily overruled. Privileges are narrowly construed and are generally disfavored. Information not properly disclosed may be excluded from use at a hearing, motion, or trial.

Within **seven (7) days** of the parties' conference, defense counsel shall file a Joint Statement regarding the meet and confer conference. All parties shall participate in the preparation of the Joint Statement, and must sign the Joint Statement. **<u>Electronic signatures are acceptable; a wet signature is not required</u>**.

The Joint Statement shall set forth the following:

(a) a statement that the parties met and conferred in good faith regarding the dispute, by phone or in-person, including the date(s) of the conference(s);

(b) a statement explaining whether the motion to compel was resolved in full or in part through the meet and confer process; and

(c) if any issues from the motion remain unresolved, a statement referring the court to each specific discovery request that is still at issue.

Upon review of the Joint Statement, the Court shall issue a further order regarding the motion to compel. No additional filings may be made regarding the motion to compel unless and until ordered by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties are ordered to meet and confer regarding Plaintiff's motion to compel, (ECF No. 32), as outlined above;

2. Defendant is relieved of the obligation to respond to the motion to compel until further order of the Court;

3. Within **thirty (30) days** of the date of service of this order, a Joint Statement shall be filed in this matter as outlined above; and

4. **The parties are warned that the failure to meet and confer in good faith as set forth in this order, or to comply with any of its terms, will result in the imposition of sanctions, which may include dismissal of the action**.

IT IS SO ORDERED.

Dated:   **August 15, 2023**              /s/ Barbara A. McAuliffe            
                                                            UNITED STATES MAGISTRATE JUDGE