# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND PRYER,<br><br>               Plaintiff,<br><br>    v.<br><br>BOTT,<br><br>              Defendant. | Case No. 1:23-cv-00167-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR MONETARY SANCTIONS<br><br>(ECF No. 36) |

**I.     Introduction**

Plaintiff Desmond Pryer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Bott ("Defendant") for deliberate indifference to conditions of confinement in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 11, 17.)

On August 14, 2023, Plaintiff filed a motion to compel. (ECF No. 32.) The Court directed the parties to meet and confer regarding the discovery dispute, and stayed briefing on the motion pending the outcome of the meet and confer. (ECF No. 33.) The parties filed a joint statement indicating that Plaintiff would withdraw his motion to compel pending further responses to some of the interrogatories at issue, (ECF No. 34), and the Court therefore denied Plaintiff's motion to compel as moot, (ECF No. 35).

///

On November 29, 2023, Plaintiff filed a second motion to compel, requesting that Defendant file further supplemental responses to Plaintiff's first set of requests for interrogatories. (ECF No. 36.) Defendant filed an opposition on December 13, 2023. (ECF No. 37.) Plaintiff did not file a reply brief, and the deadline to do so has expired. The motion to compel is deemed submitted. Local Rule 230(l).

**II.    Plaintiff's Motion to Compel**

In the motion to compel, Plaintiff contends that Defendant submitted incomplete and/or evasive supplemental responses to interrogatories numbered 4, 6, and 7, and that the supplemental responses were not verified to confirm that a reasonable inquiry was conducted.[1] Plaintiff also seeks the imposition of monetary sanctions. (ECF No. 36.) In opposition, Defendant contends that the supplemental responses at issue are all accurate and properly verified. (ECF No. 37.)

**A.    Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to

---

[1] Plaintiff also identifies Interrogatory Nos. 8, 10, 11, and 12 as either evasive or incomplete, but provides no further argument in support of this contention. (ECF No. 36, p. 4.) As such, the Court addresses Plaintiff's arguments only with respect to Interrogatory Nos. 4, 6, and 7.

compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. *Evans v. Tilton*, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010). The responding party is required, to the extent there are no objections, to answer interrogatories separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

The scope of discovery under Rule 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to any party's claim or defense." *Id.* Discovery may be sought of relevant information not admissible at trial if it is "proportional to the needs of the case, considering the importance of the issues at stake in the action the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* However, discovery may be limited if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity to obtain the information by discovery in the action;" or if the proposed discovery is irrelevant or overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

**B.   Interrogatory ("ROG") Nos. 4, 6, 7**

ROG No. 4: Please state any facts, including the names of witnesses, that you claim support your contention that you did not order the positive inmate to house with Plaintiff.

Response to ROG No. 4: Objection. This request is vague and ambiguous as to the phrase "the positive inmate."

3

1       <u>Supplemental Response to ROG No. 4</u>: As understood in the meet and confer discussion

2 between Plaintiff and counsel for Defendant, this request is intended to seek information

3 regarding the incident alleged in Grievance No. 0067146.  Responding party states that he has no

4 recollection of Plaintiff or the vaguely described incident (the grievance does not state when or

5 where the alleged cell move occurred) and therefore does not believe he was involved.  Discovery

6 is continuing, and responding party reserves the right to amend and update this response should it

7 become necessary to do so.

8       <u>Ruling on ROG No. 4</u>: Plaintiff's motion to compel a further response to this interrogatory

9 is denied.  Defendant provided a substantive supplemental response, stating that he does not recall

10 the incident and does not believe he was involved. The response indicates that Defendant

11 reviewed the applicable Grievance to investigate his response. Plaintiff's argument that

12 Defendant had knowledge otherwise, with no evidence in support, is not sufficient to compel a

13 different response.

14       As to Plaintiff's contention that the response is not verified, while Plaintiff may be

15 disinclined to trust Defendant's discovery responses, he is in a position no different than any

16 other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to

17 accept the responses provided.  Mere distrust and suspicion regarding discovery responses do <u>not</u>

18 form a legitimate basis to further challenge responses which are facially legally sufficient; and

19 Plaintiff is entitled neither to continue demanding additional and/or different evidence in support

20 of discovery responses already provided nor to expand the scope of discovery beyond that sought

21 in the initial discovery request.  Fed. R. Civ. P. 26(g)(1), 33; *Gorrell v. Sneath*, 292 F.R.D. 629,

22 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, at

23 *2 (E.D. Cal. 2007).

24       Moreover, signed discovery responses are themselves certifications to the best of the

25 person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P.

26 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed.

27 R. Civ. P. 11(b), such as the parties' joint statement.  *See also* Fed. R. Civ. P. 33(c).  Further,

28 Defendant is required to supplement discovery responses should he learn that his responses were

1  incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made
2  known to Plaintiff.  Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).  Accordingly, Defendant
3  indicated his intention to update his response should it become necessary to do so.

4  <u>ROG No. 6</u>: States the name of all persons that you spoke with pertaining to the event of
5  this complaint, whether you spoke with any of them on the dates of the incidents or any other day
6  after Plaintiff's event of his complaint, pertaining to said event as claimed in the complaint.  This
7  includes all officials, all civilian personnel, and all inmates.  State the names and date in which
8  you spoke to them.

9  <u>Response to ROG No. 6</u>: Objection.  The request is vague and ambiguous as to "the event
10 of this complaint," "Plaintiff's event of his complaint," and "said event as claimed in the
11 complaint."  This request is also objectionable in that it seeks information protected by the
12 attorney client privilege.  Discovery is continuing, and responding party reserves the right to
13 amend and update this response should it become necessary to do so.

14 <u>Supplemental Response to ROG No. 6</u>: As understood in the meet and confer discussion
15 between Plaintiff and counsel for Defendant, this request is intended to seek the name of
16 Defendant's partner on the day that an allegedly COVID-positive inmate was moved into the
17 same cell with Plaintiff.  Defendant does not recall the specific date or the events of that date, or
18 even the inmate cell move at issue, and further has no recollection as to whom he might have
19 been working with at the time.  Discovery is continuing, and responding party reserves the right
20 to amend and update this response should it become necessary to do so.

21 <u>Ruling on ROG No. 6</u>: Plaintiff's motion to compel a response to this interrogatory is
22 denied.  Defendant provided a substantive supplemental response to this interrogatory, stating that
23 he does not recall the incident and does not believe he was involved.  Plaintiff's argument in
24 support of his motion to compel merely characterizes the supplemental response as evasive and
25 restates Defendant's supplemental response.

26 As stated above, the supplemental response is properly verified.

27 <u>ROG No. 7</u>: Plaintiff requests is seeking Defendant's law enforcement records, including
28 "any and all documents relating to allegations allege by Plaintiff regarding Defendant Bott while

1 employed by SATF" and "any and all requests for investigations against defendant Bott named in
2 this Complaint, to include but not limited to all formal and informal written complaints alleging
3 misconduct or civil rights violations from June 10, 2015 to June 1, 2020.

4 <u>Response to ROG No. 7</u>: Objection. This request is vague and ambiguous as to
5 "Defendant's law enforcement records." Defendant also objects to this interrogatory as seeking
6 information disproportionate to the needs of the case and irrelevant to any party's claim or
7 defense. The request is also objectionable in that it seeks information about inmates and thus
8 implicates privacy concerns of those inmates. The request is also overbroad as to time. To the
9 extent that this request seeks officer personnel records, responding party objects because such
10 information is protected by the state and federal statutory and constitutional rights to privacy, and
11 the official information privilege.

12 <u>Supplemental Response to ROG No. 7</u>: As understood in the meet and confer discussion
13 between Plaintiff and counsel for Defendant, this request is intended to seek whether there were
14 any other grievances filed that involved Defendant and were related to COVID or the act of
15 moving COVID-positive individuals into cells with other inmates. Responding party states that
16 he is not aware of any grievances that name him and relate to those topics.

17 <u>Ruling on ROG No. 7</u>: Plaintiff's motion to compel a response to this interrogatory is
18 denied. Defendant provided a substantive supplemental response, indicating that he is not aware
19 of any grievances that name him and relate to the topics identified by this interrogatory.
20 Defendant is not required to consult with other individuals as to matters of which he would have
21 personal knowledge, and he is not required to provide information to Plaintiff that would violate
22 other inmates' right to privacy.

23 As stated above, the supplemental response is properly verified.

24 **III.    Plaintiff's Request for Monetary Sanctions**

25 Plaintiff states that he devoted 1 hour to researching, analyzing, and preparing his motion
26 to compel, representing $10.00 of his time. (ECF No. 36, p. 5.) Defendant did not respond to
27 Plaintiff's request for monetary sanctions.

28 As discussed above, Plaintiff's motion to compel is denied as to each of the supplemental

responses to the interrogatories at issue.  Accordingly, the Court finds that imposition of monetary sanctions against Defendant is improper and the request is denied.

**IV.     Order**

Based on the foregoing, Plaintiff's motion to compel and for monetary sanctions, (ECF No. 36), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **January 16, 2024**             /s/ Barbara A. McAuliffe           _
                                        UNITED STATES MAGISTRATE JUDGE