1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   DESMOND PRYER, | Case No.  1:23-cv-00167-BAM (PC) |
| 12              Plaintiff, | ORDER DENYING IN PART DEFENDANT'S MOTION TO MODIFY |
| 13        v. | SCHEDULING ORDER AND FOR LEAVE TO FILE EXHAUSTION MOTION |
| 14   BOTT, | (ECF No. 43) |
| 15              Defendant. | Exhaustion Motion Deadline: **April 11, 2024** |
| 16 | |

17   **I.       Background**

18         Plaintiff Desmond Pryer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

19   rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended

20   complaint against Defendant Bott ("Defendant") for deliberate indifference to conditions of

21   confinement in violation of the Eighth Amendment.  All parties have consented to Magistrate

22   Judge jurisdiction.  (ECF Nos. 11, 17.)

23         Pursuant to the Court's June 2, 2023 discovery and scheduling order, the deadline for

24   filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to

25   exhaust administrative remedies was October 2, 2023.  (ECF No. 26.)  The deadline for filing all

26   dispositive motions (other than a motion for summary judgment for failure to exhaust) is April

27   11, 2024.  (*Id.*)

28   ///

1    **II.     Defendant's Motion to Modify Scheduling Order**

2           Currently before the Court is Defendant's motion to modify scheduling order and for

3    leave to file exhaustion motion, filed March 26, 2024.  (ECF No. 43.)

4           In the motion, Defendant's counsel states that upon his appearance in this action and

5    receipt of the file, he reviewed the initial evaluation performed by prior counsel, who noted that

6    Plaintiff had exhausted administrative remedies.  Defense counsel, "[k]nowing the previous

7    deputy to be a competent and conscientious attorney . . . assumed the evaluation to be accurate

8    and took it at face value, and thus did not plan to pursue dismissal" based on Plaintiff's failure to

9    exhaust administrative remedies.  (ECF No. 43-1, p. 2.)  Only recently, upon reviewing the file in

10   preparation for drafting a summary judgment motion on the merits of the claim, did defense

11   counsel discover that dismissal on exhaustion grounds was a viable approach.  Since that

12   discovery, counsel acted diligently by immediately filing the instant motion seeking a

13   modification of the scheduling order and leave to file a motion for summary judgment on the

14   basis of Plaintiff's failure to exhaust administrative remedies.  (*Id.*)  Defendant further contends

15   that the affirmative defense of exhaustion of administrative remedies was properly raised and

16   preserved because it was asserted in the first amended answer to the complaint, (ECF No. 31).

17   Defendant asserts that affirmative defenses in general, and the affirmative defense of failure to

18   exhaust under the PLRA in particular, are not waived and are preserved for trial so long as they

19   are asserted in a defendant's answer.  (ECF No. 43, pp. 2–3.)  It would also be a more efficient

20   use of the time and resources of the parties and the Court to resolve the issue at the outset, before

21   the parties have to expend resources on prosecuting and defending the merits of the claim.

22   Defendant therefore requests modification of the scheduling order and leave to file a motion for

23   summary judgment on the issue of exhaustion.

24            Although Plaintiff has not had the opportunity to file a response, the Court finds a

25   response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

26          **A.     Legal Standard**

27           Districts courts must enter scheduling orders in actions to "limit the time to join other

28   parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  A

scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  *Id.*  The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification.  *Id.*  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify.  *Zivkovic v. So. Cal. Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609).  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.

### B.    Discussion

Defendant's motion does not demonstrate good cause for the requested modification. While defense counsel may have demonstrated diligence in seeking leave to modify the scheduling order, the Court does not find that counsel exercised due diligence prior to filing the instant motion.

Defense counsel appeared as counsel of record in this action on June 26, 2023.  (ECF No. 26.)  On July 5, 2023, counsel filed a first amended answer to the first amended complaint, which included the affirmative defense of failure to exhaust administrative remedies.[1]  (ECF No. 31, p. 6.)  Defense counsel then had three months to conduct discovery and review the case file before expiration of the October 2, 2023 deadline to file a motion for summary judgment for failure to exhaust.  Discovery closed four months later, on February 2, 2024.  Thus, it appears defense counsel waited until nearly six months after the exhaustion summary judgment deadline, and nine months after counsel first appeared in this action, to discover the defense.  At that point, counsel inadvertently discovered that failure to exhaust was a viable defense to Plaintiff's claim.

---

[1] To the extent defense counsel asserts that, at the time the first amended answer was filed, and based on the initial evaluation of previous counsel and not his own review of the file, counsel did not believe that failure to exhaust was a viable defense but nevertheless included it as an affirmative defense, counsel should be mindful of the requirements of Federal Rule of Civil Procedure 11.

1    The Court cannot find that the instant request, submitted two weeks before the deadline

2    for filing a motion for summary judgment on the merits, demonstrates diligence on the part of

3    defense counsel in raising the exhaustion defense.  Regardless of the competency or

4    conscientiousness of prior counsel, current defense counsel had ample opportunity to review the

5    case file to independently evaluate the merits of the affirmative defense and file a timely

6    summary judgment motion.  Defendant has presented no explanation, aside from his reliance on

7    prior counsel's evaluation, for his failure or inability to do so.  As defense counsel's "carelessness

8    is not compatible with a finding of diligence," the request for modification of the scheduling

9    order is denied.  *Johnson*, 975 F.2d at 609.

10    However, the Court is in agreement that the issue of exhaustion should be decided "as

11    early as feasible," and "if feasible, before reaching the merits of a prisoner's claim."  *Albino v.*

12    *Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc).  While it would have been a more efficient

13    use of resources to settle the issue at the outset of the case, in light of Defendant's failure to

14    timely file an exhaustion summary judgment motion, the Court declines to modify the scheduling

15    order.  Therefore, Defendant's request for leave to file a motion for summary judgment for failure

16    to exhaust is granted, but such a motion must be filed by the existing deadline for filing motions

17    for summary judgment on the merits.[2]

18    ///

19    ///

20    ///

21    ///

22

23    [2] At this time, the Court declines to address Defendant's argument regarding whether the affirmative defense of failure to exhaust is preserved for trial so long as it is asserted in a defendant's answer.  (ECF No. 43, pp. 2–3.)

24    Should Defendant choose to raise failure to exhaust in a motion for summary judgment, Defendant should be prepared to address the issue of possible waiver in light of relevant authority in this Circuit.  *See Lira v. Herrera*, 427

25    F.3d 1164, 1171 (9th Cir. 2005) (failure to exhaust administrative remedies is an affirmative defense that can be waived); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (defendants have the burden of raising and proving

26    the absence of exhaustion, and their failure to do so waives the defense); *Nealy v. Shinn*, No. CV 20-01123-PHX-DLR (JFM) (D. Ariz. Mar. 1, 2023), 2023 WL 2541974, *9 (finding defendants waived non-exhaustion where they

27    raised affirmative defense in their respective answers but did not assert failure to exhaust in their first motion for summary judgment); *Gutierrez-Valencia v. Corizon Utilization Management*, No. CV-18-03007-PHX-JAT (D. Ariz.

28    May 24, 2021), 2021 WL 2075734, at *4 (defendant waived affirmative defense of exhaustion due to failure to raise issue in motion to dismiss or motion for summary judgment before inclusion in proposed pretrial order).

**III.   Order**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.  Defendant's motion to modify scheduling order and for leave to file exhaustion motion, (ECF No. 43), is DENIED IN PART; and

2.  The deadline for filing all dispositive motions (including any motion for summary judgment for failure to exhaust) is **April 11, 2024**.

IT IS SO ORDERED.

Dated:   **March 27, 2024**                          /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE

5